UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUSHAWN S. MILES,

    Plaintiff,

v.

    CASE NO. 1:18-CV-738

    HON. ROBERT J. JONKER

IONIA CORRECTIONAL FACILITY,
*et al.*,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 76) and Plaintiff's Objections (ECF No. 77). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. The Court finds the Magistrate

Judge's Report and Recommendation, which recommends granting the motion for summary judgment filed by Defendants Larson, Novak, Rykse, Schiebner, and Turner (ECF No. 46), and denying Plaintiff's motion for summary judgment (ECF No. 50), factually sound and legally correct.

Plaintiff's claims center on what Plaintiff describes as a retaliatory false misconduct ticket. Retaliatory misconducts can be of two types. They can be factually correct but imposed only to retaliate – they would not have been brought otherwise. Or they can be false misconducts – basically, a malicious prosecution for the purpose of retaliation. Here, Plaintiff relies on the second type, alleging a false misconduct.

The problem for Plaintiff is that he has already litigated and lost on the truth or falsity issue. In fact, he had a hearing and chose not to present evidence. He also refused to cooperate in giving information to corroborate his story. And he did not appeal. Under these circumstances, the misconduct ticket process establishes by collateral estoppel that the ticket was not false. If the Court allowed Plaintiff to sandbag the misconduct ticket process by relitigating it here, the Court would function as a ticket review court, undermining the misconduct ticket process the MDOC administers.

All of Plaintiff's alleged harm depends on proving a premise Plaintiff cannot establish, which is that the misconduct ticket was false. And to the extent Plaintiff claims transfer as an independent basis of retaliation, the claim fails, because Plaintiff kept his job as a writ writer in the process and was simply exposed to an allegedly more disciplinary custodial environment in a new facility.

For these as well as the other reasons the Report and Recommendation details, summary judgment in favor of Defendants as to Plaintiff's federal claims is appropriate, and the Court

declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3).

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 76) is **APPROVED AND ADOPTED** as the opinion of the Court.

2. The motion for summary judgment filed by Defendants Larson, Novak, Rykse, Schiebner, and Turner (ECF No. 46) is **GRANTED**.

3. Plaintiff's Motion for Summary Judgment (ECF No. 50) is **DENIED**.

4. Plaintiff's state law claims are **DISMISSED** without prejudice under 28 U.S.C. § 1367(c)(3).

5. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Dated:   March 18, 2020              /s/ Robert J. Jonker
                                                     ROBERT J. JONKER
                                                     CHIEF UNITED STATES DISTRICT JUDGE